IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES C. WINDING                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:13cv426-CWR-FKB

JOYCE GRAHAM, et al.                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

This is an action filed by James C. Winding, a state prisoner, against various prison officials. On October 24, 2013, and November 14, 2013, Plaintiff filed notices of voluntary dismissal [36 and 37]. The Court treated the notices as motions for dismissal and on January 8, 2014, entered an order of dismissal and a final judgment. [38 and 39].

Presently before the Court is the motion of Plaintiff to enforce a settlement agreement. The motion consists solely of a reference to an exhibit, which consists of a settlement agreement and numerous other documents. Presumably, Plaintiff is alleging that Defendants have failed to comply with the terms of the settlement agreement.

No settlement agreement was referenced in Plaintiff's requests to dismiss this action, and likewise none was mentioned in the order of dismissal or final judgment. Because these orders neither incorporated the terms of the alleged settlement agreement nor retained jurisdiction to enforce it, this court is without jurisdiction to enforce the agreement. *See Kokkonen v. Guardian Life Ins.* Co, 511 U.S. 375, 378 (1994); *Hospitality House, Inc. v. Gilbert*, 298 F. 3d 424, 433-34 (5th Cir. 2002). For this reason, the undersigned recommends that Plaintiff's motion be denied.

The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 30th day of January, 2015.

                                          /s/ F. Keith Ball
                                          UNITED STATES MAGISTRATE JUDGE